IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DIMPLE ELIZABETH GRIFFIN,**
**Mother and Guardian on behalf**
**of J.H. minor son** **PLAINTIFF**

v. CAUSE NO. 1:20CV39-LG-FKB

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION** **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the [13] Report and Recommendation entered by United States Magistrate Judge F. Keith Ball.  Judge Ball recommends that the plaintiff's Social Security Appeal should be dismissed for failure to prosecute.  The plaintiff has not filed an objection to the Report and Recommendation.

Where no party has objected to the Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  In such cases, the Court need only satisfy itself that there is no clear error on the face of the record.  *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996).

Having conducted the required review, the Court finds that Judge Ball's Report and Recommendation is neither clearly erroneous nor contrary to law.  The Court recognizes that the dismissal of this case could have the effect of a dismissal

with prejudice in this pro se social security appeal. *See Cole v. Barnhart*, 193 F. App'x 279, 281 (5th Cir. 2006).

> Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.

*Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 535 (5th Cir. 2006) (citing *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005)). The only action taken by the plaintiff since February 2020 was to call the Clerk of Court and provide an updated address. Although the Court's [11] Order Directing the Filing of Briefs was mailed to the plaintiff's new address, she never filed a brief or sought additional time to file a brief. She also failed to respond to an [12] Order to Show Cause why her case should not be dismissed. Finally, she did not object to the instant [13] Report and Recommendation proposing dismissal for failure to prosecute. The plaintiff's repeated failure to respond to and comply with Court Orders justifies a finding of a clear record of delay. Furthermore, lesser sanctions than dismissal would be futile because it appears that the plaintiff has abandoned her appeal. This case cannot proceed without the plaintiff's action, and the Court can do nothing more to compel her action. Therefore, the Report and Recommendation is adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [13] Report and Recommendation entered by United States Magistrate Judge F. Keith Ball is

**ADOPTED** as the opinion of this Court.  This appeal is **DISMISSED** for failure to prosecute.  The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE